```
           IN THE UNITED STATES DISTRICT COURT
          FOR THE NORTHERN DISTRICT OF ILLINOIS
                    EASTERN DIVISION
```

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | |
| Plaintiff, | Case No. 95 CR 508-4 |
| v. | |
| **ANDREW HOWARD,** | Judge Harry D. Leinenweber |
| Defendants. | |

## MEMORANDUM OPINION AND ORDER

For the reasons stated herein, Petitioner Andrew Howard's ("Howard") Motion for Relief under 18 U.S.C. § 3582(c)(2) [ECF No. 1131] is denied.

### I. BACKGROUND

Howard seeks to reduce his sentence from a term of mandatory life to 324 months. Howard's asserted bases for relief are twofold. First, he says that Amendment 782 to the Sentencing Guidelines lowered the guideline range under which he was sentenced, making him eligible for a sentence reduction. Second, he brings the Court's attention to facts indicating that he would "present[] no threat or risk to any one" upon release. These include his advanced age, poor health, exemplary disciplinary record, completion of rehabilitative programs while incarcerated, and available familial support outside of prison.

The Government opposes Howard's Motion for Relief. It points out that Howard was sentenced as a high-ranking member of a street gang that the Seventh Circuit has called "large and vicious." *See, United States v. Hoover,* 246 F.3d 1054, 1056-57, 1062 (7th Cir. 2001) (affirming Howard's conviction and sentence). The Government further reminds the Court that as a member of the board of directors of the Gangster Disciples, Howard was indicted on a number of drug distribution and conspiracy charges. Specifically, Count II of the indictment charged him with being part of a Continuing Criminal Enterprise ("CCE") in violation of 21 U.S.C. § 848(a), while other counts of the indictment charged him with illegal distribution of controlled substances (the "drug crimes"). The jury, after a three-month trial, convicted Howard on both the CCE and drug charges.

The Court sentenced Howard in 1999. *See,* ECF No. 603. In so doing, the Court adopted the factual findings from the Presentence Investigation Report (the "PSR"). It thus found that Howard "was a Board Director of the Gangster Disciples," a position "at the highest level of management in the gang with the exception of Larry Hoover [the gang's leader]." ECF No. 1163 (Gov't Resp.) at 2; *see also, United States v. Smith,* 223 F.3d 554, 560-61 (7th Cir. 2000) (laying out the

organizational structure of the Gangster Disciples); *Hoover,* 246 F.3d at 1057 (calling Howard "the third of the gang's 'directors'"). Moreover, the Court found that the drug conspiracy in which Howard was a director had annual revenues in excess of $100 million, "a figure that translated to approximately 4.5 kilograms of crack cocaine, or 15 kilograms of powder cocaine, being sold on a daily basis." ECF No. 1163 at 2; *see also, United States v. Wilson,* 237 F.3d 827, 831 (7th Cir. 2001) (affirming the findings made by this Court regarding drug types and quantities).

Based on these facts, the Court concluded that Howard's base offense level for the drug crimes was 38, the highest level under the Sentencing Guidelines. The Court further concluded that Howard was subject to mandatory life imprisonment on the CCE conviction. Although Howard was charged and convicted by the jury of violating 21 U.S.C. § 848(a), which permitted but did not require a life sentence, the Court imposed a mandatory life sentence under 21 U.S.C. § 848(b). Section 848(b) increased the statutory minimum sentence from 20 years under § 848(a) to mandatory life where: (1) the defendant was "one of several [] principal administrators, organizers, or leaders" of the continuing criminal enterprise, and (2) the enterprise "received $ 10 million dollars in gross receipts during any

twelve-month period of its existence," or transacted at least (as is relevant for this case) 1.5 kg of crack cocaine or 150 kg of powder cocaine. *See,* 21 U.S.C. § 841(b)(1)(b) (1999); 21 U.S.C. § 848(a)-(b). Since the Court found that Howard was a director of the Gangster Disciples and that the organization distributed more than 1.5 kg of crack cocaine every day and 150 kg of powder cocaine every 10 days, it ruled that the conditions exposing Howard to a mandatory lifetime term of imprisonment under § 848(b) were satisfied and sentenced him accordingly.

On this record, the Government argues that Howard is ineligible for a sentence reduction for two reasons. First, Howard's post-sentence conduct is irrelevant because changes to the Sentencing Guidelines have not lowered his base offense level of 38. Second, regardless of what happens to the base level, Howard was sentenced to life for the CCE offense and this sentence stands independent of any offense level calculation. For the reasons detailed below, the Court must agree with the Government.

## II. **ANALYSIS**

Howard brings this Motion under 18 U.S.C. § 3582(c)(2). This section of the penal code provides federal courts with limited authority to reduce a sentence of imprisonment after it

has been imposed.  *See,* 18 U.S.C. § 3582(c); *Dillon v. United States,* 560 U.S. 817, 819 (2010). It states,

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . ., the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2). The text of the statute thus makes clear that the Court may reduce the term of imprisonment only where "such a reduction is consistent with applicable policy statements." *Id.* As the Sentencing Commission explains, it is against the applicable policy to grant relief where a relied-upon change to the Guidelines – in this case, Amendment 782 – either (1) does not apply to the defendant, or (2) "does not have the effect of lowering the defendant's applicable guideline range because of the operation of another . . . statutory provision (*e.g.,* a statutory mandatory minimum term of imprisonment)." 18 U.S.C. App. § 1B1.10 n.1(A).

The Court considers whether it is authorized to grant Howard a sentence reduction given these prerequisites.

## A. Applicability of the Amendment to the Drug Crime Sentences

Promulgated in 2014, Amendment 782 serves to lower the guideline range for certain drug crimes. It accomplishes this by raising the threshold quantity that a defendant needs to "qualify" into a particular offense level. At the time of Howard's sentencing in 1999, an offense level of 38 required a defendant to have distributed 1.5 kg of crack cocaine or 150 kg of powder cocaine. 18 U.S.C. app. § 2D1.1, Drug Quantity Table (1999). Now, the same offense level calls for 25.2 kg of crack cocaine or 450 kg of powder cocaine. 18 U.S.C. app. § 2D1.1, Drug Quantity Table (2017).

Accordingly, even with the new threshold quantities, Howard's base offense level would remain unchanged at 38 unless the Court finds that he was accountable for something less than 25.2 kg of crack cocaine and 450 kg of powder cocaine. Crucially, any finding the Court now makes must be supported by the record and cannot be inconsistent with what it previously found at Howard's sentencing. *See, United States v. Davis,* 682 F.3d 596, 615 (7th Cir. 2012), *overruled on other grounds by United States v. Taylor,* 778 F.3d 667, 671 (7th Cir. 2015) ("A new factual finding on a § 3582(c)(2) motion is appropriate so long as it is not inconsistent with the district court's

findings at the original sentencing hearing."); *United States v. Hall,* 600 F.3d 872, 876 (7th Cir. 2010) ("[I]n ruling on a § 3582(c)(2) motion, the district court may consider the record as a whole. . . .").

The record shows that at Howard's sentencing, the Court found that he was responsible for "approximately 4.5 kilograms of crack cocaine, or 15 kilograms of powder cocaine, *being sold on a daily basis*." ECF No. 1163 at 2 (emphasis added). This means that Howard had to be part of drug conspiracy for only a month to meet the threshold weight in powder cocaine, and less than week to do the same in terms of crack cocaine. There is absolutely nothing in the record to support a finding that Howard was involved with the Gangster Disciples for such a short time. In fact, it seems highly improbable that he could have risen to the second-highest position in the gang by being associated with it for less than a week.

Howard presses that he was in prison from 1973 to 1992 and so "had no role or participation" during this time. But this is insufficient to support a finding that the drug quantities that should be attributed to him are less than the threshold quantities for a level 38 offense. Hoover – the leader of the gang – was likewise behind bars during the time that he ran the Gangster Disciples. *See, United States v. Jackson,* 207 F.3d

910, 913 (7th Cir. 2000) (describing the Gangster Disciples as "a gang some 6,000 strong engaged mainly in the sale of crack and powder cocaine, led by an Illinois state prison inmate named Larry Hoover"). Being in prison thus was no barrier to participation in the criminal enterprise. In fact, so many Gangster Disciples' board members were prison inmates that the gang had "two boards, one for Disciples in prison and the other for those at large." *Id.* at 919.

Moreover, even if Howard had no involvement with the Gangster Disciples before 1992 (an implausible hypothetical as one did not become a director upon joining the gang), he was still a director "at large" during the years from his release to 1995, when the gang's leadership was indicted. *See,* ECF No. 860. A conservative two years' participation in the criminal enterprise as its director means that Howard was responsible for more than ten times the quantity of powder cocaine and 100 times the quantity of crack cocaine needed to be sentenced as a level 38 offender. Other courts have held accountable for the full weight of the drugs distributed by the Gangster Disciples lower-ranking members than a director like Howard, as well as a director who had the post for six months. *See, Hoover,* 246 F.3d at 1058 (finding that members of the gang lower in the hierarchy than board members were nonetheless

responsible for the size of the Gangster Disciples' operation); *United States v. Gholson,* Nos. 96 CR 553, 02 C 6988, 2003 U.S. Dist. LEXIS 10914, at *6 (N.D. Ill. June 25, 2003) (holding accountable as a principal of the CCE an individual who was a board member for six months); *see also, United States v. Knight,* 342 F.3d 697, 712 (7th Cir. 2003) ("[T]he evidence establishes that these defendants were the core members of this conspiracy and not fringe members; the full weight of drugs involved were thus foreseeable and attributable to each."). The Court has no reason to treat Howard differently.

Howard also attacks the accuracy of the PSR. The information supporting the drug quantities reported by the PSR came from a recorded jailhouse conversation between Howard and Hoover, during which Hoover discussed the size of the Gangster Disciples' operation. Howard claims that he never had this conversation with Hoover. But the Court is not at liberty to revisit the PSR's findings; it adopted them in sentencing Howard, and it cannot disregard them now. *See, White v. United States,* 745 F.3d 834, 836 (7th Cir. 2014) (stating that in ruling on a § 3582(c)(2) motion "the judge takes as established the findings and calculations that led to the sentence and changes only the revised Guideline, leaving everything else the same"); *United States v. Woods,* 581 F.3d 531, 538-39 (7th Cir.

2009), *overruled on other grounds by Taylor,* 778 F.3d at 671 ("[D]istrict courts in § 3582(c)(2) proceedings cannot make findings inconsistent with that of the original sentencing court."); *United States v. Edwards,* 370 F. App'x 738, 739 (7th Cir. 2010) ("To the extent that Edwards is contesting the calculation of his relevant conduct at his original sentencing, that subject is outside the scope of § 3582(c)(2).").

In sum, the Court cannot find that Howard's base level decreased as a result of Amendment 782. As such, it is not authorized to reduce his sentence regardless of how deserving he may be because of his post-sentencing behavior or current ill health. *See, Dillon,* 560 U.S. at 826 ("A court must first determine that a reduction is consistent with § 1B1.10 [the policy statements] before it may consider whether the authorized reduction is warranted, either in whole or in part, according to the factors set forth in § 3553(a)."); *United States v. Koglin,* 822 F.3d 984, 986-87 (7th Cir. 2016) ("If the [guideline] range would not have been lower, then the defendant is ineligible for a sentence reduction and the inquiry ends.").

**B. Effect of the Amendment on the CCE Sentence**

The fact that Amendment 782 leaves Howard's offense level unchanged decides his petition. Nonetheless, the Court discusses the claims he makes with regard to his CCE lifetime

sentence because Howard spends a significant portion of his motion on the issue and the Court wishes him to know that it considered his petition in full. Moreover, what the Court now says may head off an unwarranted 28 U.S.C. § 2255 petition in the future.

Howard argues that the mandatory lifetime sentence he received for violating 21 U.S.C. § 848(b) cannot stand in light of *Alleyne v. United States,* 133 S.Ct. 2151 (2013). While Howard is right that *Alleyne* is relevant for sentencing under § 848(b), he is wrong where it counts. *Alleyne* was an extension of *Apprendi v. New Jersey,* 530 U.S. 466 (2000), and its line of cases. *Apprendi* has held that "[a]ny fact that, by law, increases the penalty for a crime is an 'element' that must be submitted to the jury and found beyond a reasonable doubt." *Alleyne,* 133 S. Ct. at 2155. To this, *Alleyne* added that "[m]andatory minimum sentences increase the penalty for a crime." *Id.* As such, "any fact that increases the mandatory minimum is an 'element' that must be submitted to the jury." *Id.*

At first blush, *Alleyne* appears pertinent for Howard because his mandatory life sentence for the CCE violation rests on not just findings made by a jury, but also those made by this Court. A jury found Howard guilty of violating 21 U.S.C. 848(a); the Court made additional findings as to Howard's role

and the size of enterprise to sentence him under 21 U.S.C. § 848(b). Moreover, these additional facts increased his punishment. The sentencing range under § 848(a) is 20 years to life; the sentence under § 848(b) is mandatory life. Section 848(b) thus alters § 848(a)'s range by increasing the statutory minimum (20 years) and making it coincide with the statutory maximum (life). Yet despite the additional findings having the effect of increasing the penalty for Howard's crime, they were not submitted to a jury. The situation thus seems to contravene *Alleyne.*

Shortly after their convictions, the Gangster Disciples had complained to the Seventh Circuit about their § 848(b) sentences bypassing the jury. Although the court rejected their argument, it relied on *McMillan v. Pennsylvania,* 477 U.S. 79 (1986), to do so. *See, Smith,* 223 F.3d at 562-66. *Alleyne* has effectively overruled *McMillan* and so undermined *Smith*. *See, Alleyne,* 133 S.Ct. at 2164 (Sotomayor, J., concurring). Therefore, if the Gangster Disciples' argument were brought today to challenge a sentence imposed post-*Alleyne,* it may succeed.

The problem for Howard is that his sentence was imposed more than a decade before *Alleyne* issued. This is fatal to his claim since *Alleyne* does not apply retroactively to collateral review. *See, Crayton v. United States,* 799 F.3d 623, 624 (7th

Cir. 2015) (following the view of every circuit that has considered the issue and holding that "*Alleyne* does not apply retroactively"); *see also, McReynolds v. United States,* 397 F.3d 479, 480-81 (7th Cir. 2005). Howard therefore cannot bring a 28 U.S.C. § 2255 motion to challenge his mandatory life sentence.

The fact that Howard here brings a motion under 18 U.S.C. § 3582(c)(2), and not 28 U.S.C. § 2255, only further weakens his position. Proceedings under § 3582(c)(2) do not implicate the Sixth Amendment concerns that underpinned the line of cases stretching from *Apprendi* to *Alleyne*. *See, Dillon,* 560 U.S. at 828 ("Given the limited scope and purpose of § 3582(c)(2), we conclude that proceedings under that section do not implicate the interests identified in *Booker* [543 U.S. 220 (2005), a case decided in between *Apprendi* and *Alleyne*]."); *United States v. Cunningham,* 554 F.3d 703, 707 (7th Cir. 2009) ("[T]o frame a section 3582(c)(2) reduction as a mandatory undertaking that triggers the Sixth Amendment or *Booker* is incorrect."). For this reason, both the appellate and district courts in this circuit have rejected attempts to use § 3582(c)(2) as the procedural tool to parlay *Alleyne* into a sentence reduction. *See, United States v. Martin,* 564 F. App'x 850, 851 (7th Cir. 2014) ("The principles in those cases [*Apprendi* and *Alleyne*] are irrelevant here because § 3582(c)(2) neither authorizes a

plenary resentencing nor 'implicate[s] the Sixth Amendment right to have essential facts found by a jury beyond a reasonable doubt.'"); *United States v. Curtis,* No. 99-cr-40026-JPG, 2017 U.S. Dist. LEXIS 13881, at *3 n.2 (S.D. Ill. Feb. 1, 2017) (denying a sentence reduction because "to apply *Alleyne* retroactively to obtain this result [of a lower drug quantity], the Court would have to ignore its prior relevant conduct and statutory range findings, which it cannot do in a § 3582(c)(2) reduction proceeding"); *United States v. Johnson,* No. 99-cr-30022-DRH-1, 2013 U.S. Dist. LEXIS 99966, at *7-9 (S.D. Ill. July 16, 2013) (similar).

In sum, Amendment 782, even when coupled with *Alleyne,* does not have the effect of lowering Howard's applicable guideline range because the statutory minimum term of life imposed by § 848(b) must stand. In accordance with the applicable policy statement then, the Court cannot grant a sentence reduction. *See,* 18 U.S.C. App. § 1B1.10 n.1(A). This is regardless of what happened in *United States v. Wesson,* No. 92-CR-118-1 (N.D. Ill.), a case that Howard heavily relies on.

It is true that *Wesson* bears similarities to Howard's criminal case. Wesson, like Howard, was convicted of engaging in a continuing criminal enterprise and sentenced to life (but not mandatory life). *See, Wesson,* ECF No. 919 at 1-2. (The

Court admits to being puzzled as to why Wesson was not sentenced to a mandatory life sentence under § 848(b) given that the amount of drugs he was responsible for was some "100 to 300 kilograms of heroin" and he appeared to be the leader of the drug conspiracy. The issue, however, is outside the Court's purview.) Like Howard, Wesson recently moved to reduce his sentence. *See, id.* at 2. But unlike with Howard, the Government did not oppose Wesson's motion for relief. In fact, it agreed that Amendment 782 lowered the bottom of Wesson's guideline range to 360 months of incarceration. The judge accordingly modified Wesson's life sentence to 360 months. *See, Wesson,* ECF Nos. 919 at 2 and ECF No. 923.

Yet whatever may be the similarities, the dissimilarities between Wesson and Howard are outcome-determinative. Unlike Wesson, Howard did receive a mandatory life sentence based on additional facts the Court found at his sentencing. The Court cannot change the factual findings that supported the sentence. Therefore, Amendment 782 has no effect in lowering Howard's sentencing range. The reasons allowing for Wesson's sentence reduction simply are missing here.

It is true that withholding relief from Howard creates the possibility of a sentencing disparity. It is also true that avoiding such disparities is a factor under 18 U.S.C. § 3553(a).

*See,* 18 U.S.C. § 3553(a)(6). However, consideration of § 3553(a) cannot come into play where the relief Howard seeks is inconsistent with the applicable policy statement from the Guidelines. *See, e.g., Dillon,* 560 U.S. at 826. Put differently, a sentencing disparity between Howard and Wesson is not unwarranted – Howard does not stand in Wesson's shoes. And if sentencing disparity is a concern, then the Court notes that in none of the cases that it ran across has a Gangster Disciple received a sentence reduction. *See, United States v. Edwards,* 600 F. App'x 1012, 1012 (7th Cir. 2015); *Wilson v. United States,* No. 95-CR-509-6, 2010 U.S. Dist. LEXIS 19345, at *2-3, 12 (N.D. Ill. Mar. 3, 2010); *McCain v. United States,* No. 95-CR-509-1, 2010 U.S. Dist. LEXIS 19344, at *2-3, 9 (N.D. Ill. Mar. 3, 2010); *Moore v. United States,* No. 95-CR-509-2, 2010 U.S. Dist. LEXIS 17472, at *2-3, 14 (N.D. Ill. Feb. 25, 2010); *see also,* ECF No. 921 (denial by this Court of a sentence reduction for Darrell Branch); ECF No. 1109 (doing likewise to William Edwards).

For all these reasons, the Court denies Howard's petition for relief. The Court commends Howard for whatever he was able to accomplish while incarcerated and expresses sympathies for his ill health. It cannot reduce his sentence, but it urges him to maintain his "exemplary disciplinary record" so that he may

take advantage of any new developments in the criminal justice system.

### III. CONCLUSION

For the reasons stated herein, Howard's § 3582(c)(2) Petition [ECF No. 1131] is denied.

**IT IS SO ORDERED.**

---
Harry D. Leinenweber, Judge
United States District Court

Dated: April 21, 2017